ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| UNIVERSAL INSURANCE COMPANY Y TOYOTA CREDIT DE PUERTO RICO<br><br>APELANTE<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE DE LA POLICÍA DE PUERTO RICO<br><br>APELADOS | TA2026AP00299 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm. AG2025CV01757<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos Toyota Credit de Puerto Rico (en adelante, "Toyota") y Universal Insurance Company (en adelante, "Universal") (en conjunto, "parte apelante"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la *Sentencia* emitida y notificada el 5 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante el referido dictamen, el foro primario desestimó la *Demanda* incoada por la parte apelante, en contra del Estado Libre Asociado de Puerto Rico (en adelante, "el ELA"), el Secretario de Justicia y el Superintendente Policía de Puerto Rico, (en adelante y en conjunto, "parte apelada"), por falta de legitimación activa.

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia* apelada. Veamos.

# I.

El 29 de septiembre de 2025, la parte apelante incoó una *Demanda* en contra del apelado, sobre impugnación de confiscación.[1] Alegó que un automóvil marca Toyota Corolla fue confiscado por la parte apelada en el Municipio de Aguadilla. Adujo que es dueña de un contrato de venta condicional (en adelante, "contrato") sobre dicho automóvil, por lo que tiene un interés propietario en él. Alegó que el referido contrato tiene un gravamen debidamente anotado a su favor, en el Registro de Automóviles del Departamento de Obras Públicas (en adelante, "DTOP"), y que la confiscación realizada era nula e ilegal por este no haber sido notificado de ella.[2]

El 25 de noviembre de 2025, el ELA presentó una *Contestación a Demanda*, mediante la cual sostuvo, entre otras defensas afirmativas, que la parte apelante no demostró tener legitimación activa sobre el vehículo confiscado.[3] Adujo que no demostró de manera fehaciente su titularidad sobre la propiedad confiscada, y que carecía de una causa de acción para invocar remedio alguno, por lo que procedía la desestimación de la *Demanda*.

El 29 de enero de 2026, la parte apelante presentó una *Moción Informativa Sobre Legitimación Activa*, a la cual adjuntó copia del expediente y contrato de Toyota.[4] Ello, a los efectos de acreditar su legitimación activa en el caso. Varios días después, el 3 de febrero de 2026, presentó, además, una *Moción Informativa Suplementando Legitimación Activa*.[5] En esta, anejó copia de un formulario intitulado "DTOP-770"[6], como documento acreditativo.

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

[2] Surge del documento anejado a la *Demanda*, que la ocupación del vehículo se llevó a cabo el 4 de junio de 2025 (Anejo 1 de la Entrada Núm. 1 del SUMAC TPI). Dicho documento es una notificación de confiscación dirigida a First Bank Puerto Rico, por parte del Director Administrativo Interino de la Junta de Confiscaciones, con fecha de 28 de agosto de 2025.

[3] Entrada Núm. 8 del SUMAC TPI.

[4] Entrada Núm. 12 del SUMAC TPI.

[5] Entrada Núm. 13 del SUMAC TPI.

[6] El referido documento certifica que la unidad en cuestión fue presentada para el proceso de registro, traspaso, gravamen y/o pre-venta el 7de agosto de 2025.

Luego de varios trámites procesales y celebrada una Vista de Legitimación Activa, el 5 de febrero de 2026 el foro de instancia emitió y notificó la *Sentencia* que hoy nos ocupa. Mediante el referido dictamen, el foro sentenciador concluyó que Toyota carecía de control y dominio de la unidad al momento de la confiscación. Expresó que no cumplió con el requisito de tener inscrito el gravamen a su favor en el DTOP a la fecha de la ocupación. Por ello, desestimó la causa de acción, por falta de legitimación activa.[7]

Inconforme, el 24 de marzo de 2026, la parte apelante acudió ante nos mediante un *Recurso de Apelación* [8] y esbozó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia, Sala de Aguadilla, al determinar que Toyota Credit de Puerto Ricio no posee legitimación activa para presentar la demanda de autos aun demostrando un interés propietario sobre el vehículo confiscado.

Ese mismo día, la parte apelante presentó una *Moción Solicitando Breve Término Para Someter la Transcripción de la Prueba Oral*, en la que nos solicitó un término adicional de treinta (30) días para someter la Transcripción de la Prueba Oral (en adelante "TPO").

El 26 de marzo de 2026, emitimos y notificamos una *Resolución*, en la que concedimos la prórroga solicitada y dispusimos que, una vez presentada la TPO, la parte apelada tendría un término de diez (10) días para presentar cualquier objeción, si alguna, e informar si estipula la transcripción. Asimismo, igual término le concedimos a la parte apelante para informar si propone presentar un alegato suplementario, para el cual tendría treinta (30) días para presentarlo. Dispusimos, además, que la parte apelada tendría treinta (30) días para presentar su alegato en oposición, contados a partir de la fecha en que se acoja la TPO o se presente el alegato suplementario por el apelante.

---

[7] El 20 de febrero de 2026, la parte apelante presentó una *Moción de Reconsideración* (Entrada Núm. 18 del SUMAC TPI), la cual fue declarada No Ha Lugar, por medio de una *Resolución Interlocutoria* emitida y notificada el 3 de marzo de 2026 (Entrada Núm. 19 del SUMAC TPI).

[8] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

En cumplimiento con nuestra orden, y habiéndose presentado el referido alegato suplementario, TPO y TPO enmendada, el 11 de junio de 2026, la parte apelada presentó su *Alegato en Oposición*.[9] En síntesis, alegó que la parte apelante no ostentaba derecho propietario alguno sobre el vehículo al momento de su ocupación, por lo que no está legitimada a impugnar su confiscación. Sostuvo que los documentos presentados para acreditar la legitimación del apelante son insuficientes. Adujo que la existencia de un contrato de venta al por menor no es suficiente para ser considerado dueño del vehículo. Además, señaló que el formulario DTOP-770, para la inscripción del gravamen, fue presentado el 7 de agosto de 2025 ante el DTOP, más de dos (2) meses después de la ocupación del vehículo, que ocurrió el 4 de junio de 2025.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

En nuestra jurisdicción, el proceso de confiscación está regulado por *Ley Uniforme de Confiscaciones de 2011*, Ley Núm. 119 de 12 de julio de 2011, según enmendada, 34 LPRA sec. 1724, *et seq.* (en adelante "Ley Núm. 119-2011"). Mediante el referido estatuto, la Asamblea Legislativa estableció como política pública la creación de mecanismos para facilitar y agilizar el proceso de confiscación de bienes muebles e inmuebles, y velar por los derechos y reclamos de las personas afectadas por una confiscación. Artículo 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724 nota.

En lo aquí pertinente, el Tribunal Supremo de Puerto Rico ha sostenido que "[a]nte esta intervención del Estado con la propiedad de los ciudadanos y el derecho constitucional que les asiste a no ser privados de sus bienes sin un debido proceso de ley, la legislación vigente contiene una serie de disposiciones dirigidas a garantizar que aquellas personas con interés en la propiedad confiscada puedan impugnar en los tribunales el

---

[9] Entrada Núm. 1 del SUMAC TA.

proceso de confiscación mediante una demanda civil". *CSMPR et al. v. ELA,* 196 DPR 639, 645 (2016). A esos fines, la Ley Núm. 119-2011, *supra*, determina, específicamente, a quienes el Estado tiene la obligación de notificar la confiscación realizada y la tasación de la propiedad. *Íd.* Particularmente, el Artículo 13 de la Ley Núm. 119-2011, dispone:

> El Director Administrativo de la Junta notificará la confiscación y […]
>
> c) En los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito.
> […]

Por su parte, sobre la impugnación de bienes confiscados, el Artículo 15 de la Ley 119-2011, *supra*, establece lo siguiente:

> **Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación** dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. Estos términos son jurisdiccionales. El Secretario de Justicia representará al Estado Libre Asociado de Puerto Rico en todos los casos de impugnación de confiscación y formulará sus alegaciones dentro de los treinta (30) días de haber sido emplazado. La demanda deberá radicarse en la sala correspondiente del Tribunal de Primera Instancia, Sala Superior. El Tribunal tramitará estas demandas de manera expedita y los procedimientos se celebrarán sin sujeción a calendario.
>
> […]
>
> Presentada la contestación a la demanda, el Tribunal ordenará una **vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación**. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito.
>
> **Para fines de esta Ley se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario.** 34 LPRA sec. 1724l. (Énfasis Nuestro).

La *Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22 de 7 de enero de 2000, según enmendada, 9 LPRA sec. 5001, et seq., ("Ley Núm. 22-2000"), dispone, en cuanto al registro de gravámenes, que:

(a) El Secretario establecerá y mantendrá un registro actualizado de todos los vehículos de motor, arrastres o semiarrastres autorizados a transitar por las vías públicas.

(b) Con relación a los vehículos o vehículos de motor, el registro contendrá la siguiente información:

(1) Descripción del vehículo o vehículo de motor, incluyendo: marca, modelo, color, tipo, caballos de fuerza de uso efectivo, número de serie y el número de identificación del vehículo o del vehículo de motor.

(2) Nombre, dirección residencial y postal, y número de seguro social de su dueño.

**(3) Cualquier acto de enajenación o gravamen relacionado con el vehículo o vehículo de motor o su dueño.** […]. (Énfasis Nuestro.) Artículo 2.05 de la Ley Núm. 22-2000, *supra*, 9 LPRA sec. 5006.

Asimismo, el Reglamento Para la Imposición y Cancelación de Gravámenes Bajo la Ley Número 22 de Vehículos y Tránsito de Puerto Rico, Reglamento Núm. 8645 de 15 de septiembre de 2015, se creó con el fin de establecer las normas y requisitos legales para proceder administrativa y judicialmente, ante la identificación, imposición y cancelación de gravámenes en la licencia, la autorización o en el registro de los vehículos de motor. En su Artículo VIII Imposición y Cancelación de Gravámenes, dispone que:

9-a IMPOSICIÓN: Para registrar este gravamen, el acreedor garantizado o su representante someterá al Centro de Servicios al Conductor (CESCO) los siguientes documentos:

a. Formulario DTOP-770 "Solicitud Presentación Declaración de Financiamiento Sobre Vehículos de Motor", debidamente completado […].

b. Copia de los Comprobantes de Pago de Rentas Internas del Departamento de Hacienda, correspondientes a los derechos de anotación del gravamen mobiliario, con el valor de quince ($15.00) dólares.

c. Copia de la hoja del documento del contrato de venta al por menor a plazos, que evidencie el monto del precio de venta del vehículo de motor.

**III.**

En su único señalamiento de error, la parte apelante plantea que el Tribunal de Primera Instancia incidió al determinar que Toyota no posee legitimación activa para presentar la *Demanda* de autos. Aduce que demostró un interés propietario sobre el vehículo de motor confiscado.

Por el contrario, la parte apelada sostiene que el apelante no presentó ninguna prueba que demuestre que a la fecha de la ocupación del vehículo, Toyota tuviese debidamente registrado un gravamen de venta condicional sobre este en el Registro del DTOP. Alega que Toyota presentó el formulario para inscripción en una fecha posterior a la fecha de la ocupación del vehículo. Al celebrar la correspondiente Vista de Legitimación Activa, el foro sentenciador concluyó que la parte apelante no ostenta legitimación activa sobre el vehículo ocupado, por lo que desestimó la causa de acción.

La Ley Uniforme de Confiscaciones, *supra*, dispone que quien puede impugnar una confiscación frente al Tribunal de Primera Instancia son las personas notificadas que demuestren ser dueños de la propiedad. Además, el Director Administrativo de la Junta de Confiscaciones tiene el deber de notificar al dueño del vehículo ocupado, según consta en el Registro de Vehículos del DTOP, y al acreedor condicional, que a la fecha de la ocupación tenga su contrato inscrito. Son estas personas quienes tienen legitimación activa.

Ahora bien, la precitada ley hay que analizarla en conjunto al Reglamento 8645, *supra*. Este Reglamento establece que, para registrar un gravamen sobre un vehículo de motor, el acreedor garantizador debe someter al CESCO tres documentos. A saber, el formulario DTOP-770, Copia de los Comprobantes de Pago de Rentas Internas del Departamento de Hacienda y Copia de la hoja del documento del contrato de venta al por menor a plazos.

En el caso ante nuestra consideración, la parte apelante alega que el gravamen estaba debidamente registrado en el DTOP, y que por ende, tiene legitimación activa para incoar la presente *Demanda*. No le asiste la razón. Tal como alega la parte apelada, la ocupación del vehículo se llevó a cabo el 4 de junio de 2025. No obstante, la presentación del formulario DTOP-770 se presentó el 7 de agosto de 2025. O sea, más de dos (2) meses después que se ocupó el vehículo. Sin lugar a duda, en el momento

en que se ocupó el vehículo, la parte apelante no tenía registrado ningún gravamen a su favor en el DTOP. Al no ser un acreedor condicional, que a la fecha de la ocupación tuviese su contrato inscrito en el DTOP, es manifiesto que no ostenta legitimación activa para impugnar la confiscación.

En fin, el foro de instancia correctamente desestimó la causa de acción por falta de legitimación activa. No se cometió el error. Por lo que, se procede confirmar el dictamen el dictamen apelado.

**IV.**

Por los fundamentos antes expuestos, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La juez Aldebol Mora disiente sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones